Squire Patton Boggs (US) LLP
Adam R. Fox (State Bar # 220584)
adam.fox@squirepb.com
Hannah J. Makinde (State Bar # 307907)
hannah.makinde@squirepb.com
Erin M. Gilmore (State Bar # 324319)
erin.gilmore@squirepb.com
555 South Flower Street, 31st Floor
Los Angeles, California 90071
Telephone:  +1 213 624 2500
Facsimile:  +1 213 623 4581

Attorneys for Defendant
MARTIAN SALES, INC.

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# COUNTY OF SAN DIEGO

| | |
|---|---|
| C.B., on behalf of himself and all others similarly situated, | Case No. 37-2023-00007558-CU-FR-CTL |
| Plaintiff, | **DEFENDANT MARTIAN SALES, INC.'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT** |
| v. | |
| MARTIAN SALES, INC., | **JURY TRIAL DEMANDED** |
| Defendant. | |

Defendant Martian Sales, Inc., ("Martian Sales") answers the Class Action Complaint ("Complaint") of Plaintiff C.B. ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to Code of Civil Procedure section 431.30(d), Martin Sales denies generally and specifically, each and every allegation and purported cause of action alleged in the Complaint. Martian Sales further denies that Plaintiff has suffered any damages because of any act or omission on the part of Martian Sales.

## DEFENSES

### FIRST DEFENSE

**(Failure to State a Claim)**

1. The Complaint fails to state facts sufficient to constitute a cause of action upon which relief may be granted against Martian Sales.

### SECOND DEFENSE

**(Statute of Limitations / Repose)**

2. The Complaint, and each alleged cause of action contained therein, is barred by the applicable statute of limitations and of repose.

### THIRD DEFENSE

**(Lack of Standing)**

3. Plaintiff's and the putative class members' claims are barred, in whole or in part, because Plaintiff and the putative class members lack standing to assert claims in this action.

### FOURTH DEFENSE

**(Laches)**

4. Plaintiff's and the putative class members' claims are barred, in whole or in part, by the doctrine of laches.

### FIFTH DEFENSE

**(Unclean Hands)**

5. Plaintiff's and the putative class members' claims are barred, in whole or in part, by the doctrine of unclean hands.

### SIXTH DEFENSE

**(Estoppel)**

6. Plaintiff's and the putative class members' claims are barred, in whole or in part, by estoppel.

**SEVENTH DEFENSE**

**(Waiver)**

7. Plaintiff's and the putative class members' claims are barred, in whole or in part, by waiver.

**EIGHTH DEFENSE**

**(Remedy at Law)**

8. To the extent Plaintiff and the putative class members attempt to seek equitable relief, Plaintiff and the putative class members are not entitled to such relief because they have an adequate remedy at law and cannot otherwise satisfy the elements for equitable relief.

**NINTH DEFENSE**

**(Third Person Conduct)**

9. Plaintiff's and the putative class members' claims are the result of the acts, omissions, and conduct of third parties or independent, intervening or superseding causes, which are not the responsibility of Martian Sales.

**TENTH DEFENSE**

**(Apportionment of Fault)**

10. Martian Sales is not legally responsible for the damages claimed by Plaintiff and the putative class members in the Complaint; however, if Martian Sales is found legally responsible, then such legal responsibility is not the sole and proximate cause of the injuries alleged by Plaintiff and the putative class members, and the damages awarded to Plaintiff and the putative class members, if any, are to be apportioned in accordance with the fault and legal responsibility of all parties, persons, entities, or the agents, servants and employees of such parties, persons, and entities who contributed to and/or caused said damages.

**ELEVENTH DEFENSE**

**(Speculative Damages)**

11. The damages requested in the Complaint are speculative, uncertain or otherwise not cognizable.

**TWELFTH DEFENSE**

**(Failure to Mitigate Damages)**

12. Plaintiff's and the putative class members' claims are barred, in whole or in party, by Plaintiff's and the putative class members' failure to make reasonable efforts to mitigate their damages.

**THIRTEENTH DEFENSE**

**(Comparative Negligence of Plaintiff / Putative Class Members)**

13. To the extent Plaintiff's and the putative class members' injuries and damages were caused in whole or in part by their own negligence, then their recovery must be reduced accordingly.

**FOURTEENTH DEFENSE**

**(Comparative Fault of Third Parties)**

14. To the extent that people or entities other than Martian Sales caused or contributed to the damages Plaintiff and the putative class members claim to have suffered, then any award made in favor of Plaintiff and the putative class members must be reduced by an amount equal to the percentage of the fault of others in causing or contributing to the damages as alleged in the Complaint.

**FIFTEENTH DEFENSE**

**(Offset)**

15. To the extent Plaintiff and the putative class members receive, or in the future receive, benefits for the claimed injuries that give rise to the causes of action alleged in the Complaint, or some of them, any judgment rendered in favor of Plaintiff and the putative class members on those claims must be reduced or off-set by the amount of the benefits paid to or on behalf of Plaintiff and the putative class members.

**SIXTEENTH DEFENSE**

**(Collateral Source)**

16. Any verdict or judgment that might be recovered by Plaintiff and the putative class members must be reduced by those amounts that have already or will in the future indemnify

1   Plaintiff and the putative class members in whole or in part for any past or future claimed economic
2   loss from any collateral source, such as insurance, social security, workers' compensation, taxes,
3   or employee benefit program.

## SEVENTEENTH DEFENSE

### (State Law Defenses)

17. Martian Sales is entitled to, and claims the benefit of, all defenses and presumptions set forth in or arising from any rule of law or statute of this State or any other state whose substantive law might control the action.

## EIGHTEENTH DEFENSE

### (Preemption)

18. Plaintiff's and the putative class members' claims violate the Supremacy Clause of the United States Constitution.

## NINETEENTH DEFENSE

### (Failure to Plead an Actionable Misrepresentation Claim)

19. Plaintiff and the putative class members fail to plead any actionable misrepresentation or omission made by or attributable to Martian Sales.

## TWENTIETH DEFENSE

### (No Duty)

20. Plaintiff and the putative class members do not and cannot identify any legally cognizable duty owed to Plaintiff or the putative class members by Martian Sales.

## TWENTY-FIRST DEFENSE

### (Alteration, Misuse and Abuse)

21. Plaintiff's and the putative class members' claims are barred, in whole or in part, by any alteration or modification of the products at issue, or any illicit or improper use, misuse, or abuse of the products at issue, whether by the user or by any other third party.

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

**TWENTY-SECOND DEFENSE**

**(Failure to Exhaust Administrative Remedies)**

22. Plaintiff's and the putative class members' claims are barred, in whole or in part, by Plaintiff's and the putative class members' failure to exhaust the administrative remedies available to them before filing this lawsuit.

**TWENTY-THIRD DEFENSE**

**(Plaintiff's/Putative Class Members' Negligence or Wrongful Conduct)**

23. Plaintiff's and the putative class members' claims are barred, in whole or in part, by Plaintiff's and the putative class members' negligence or other wrongful conduct, and such negligence or other wrongful conduct on the part of Plaintiff or the putative class members constitutes a bar to any recovery by Plaintiff and the putative class members or, in the alternative, recovery, if any, obtained by Plaintiff and the putative class members should be reduced and/or barred in proportion to the extent such negligence or other wrongful conduct was a cause of Plaintiff's and the putative class members' damages.

**TWENTY-FOURTH DEFENSE**

**(Warranty Claims)**

24. Martian Sales did not make to Plaintiff or the putative class members, nor did it breach, any express or implied warranties and/or breach any warranties created by law. Plaintiff's and the putative class members' warranty claims are barred by applicable law, and for lack of privity with Martian Sales, and/or failure of Plaintiff and the putative class members (or Plaintiff's or the putative class members' representatives) to give timely notice to Martian Sales of any alleged breach of warranty. Martian Sales further specifically pleads as to any breach of warranty claim all defenses under the Uniform Commercial Code existing and which may arise in the future.

**TWENTY-FIFTH DEFENSE**

**(Assumption of Risk)**

25. Plaintiff and the putative class members fully knew of and appreciated any risk of danger of injury, loss, damage, or detriment regarding the events and matters alleged in the Complaint and having full knowledge and appreciation of such risk and dangers, voluntarily

themself to and assumed all risk and dangers of injury, loss, damage, or detriment from the events and matters alleged in the Complaint.

### TWENTY-SIXTH DEFENSE

### (Preexisting Conditions)

26. Plaintiff's and the putative class members' injuries and damages, if any, were due to preexisting conditions, idiosyncratic reactions, or other responses to the products at issue on the part of the users, or by other unrelated, pre-existing, or subsequent conditions unrelated to the conduct of Martian Sales.

### TWENTY-SEVENTH DEFENSE

### (Insufficient Particularity)

27. To the extent that Plaintiff and the putative class members' are alleging fraud, fraudulent concealment, or similar conduct, Plaintiff and the putative class members have failed to plead fraud with sufficient particularity.

### TWENTY-EIGHTH DEFENSE

### (Lack of Ascertainability)

28. Plaintiffs' Class Action Complaint fails to state facts sufficient to certify a class action pursuant to applicable state or federal rules of civil procedure because, among other things, the putative class is inadequately defined and lacks acertainability, Defendant has not acted or failed to act on grounds that apply generally to the putative class, the monetary relief requested is not incidental to the injunctive relief sought, the putative class is not so numerous that joinder is impracticable, the claims lack commonality and typicality, the named Plaintiff and his counsel cannot adequately protect the interests of the class, common questions of law and/or fact do not predominate, and a class action is not the superior method for adjudicating this dispute.

### TWENTY-NINTH DEFENSE

### (Unjust Enrichment)

29. To the extent Plaintiff and the putative class members are seeking to recover more than the amount by which they were allegedly harmed, and therefore more than the amount to

which they are entitled, if any, an award of the amount requested in the Complaint would unjustly enrich Plaintiff and the putative class members.

### THIRTIETH DEFENSE

### (Superseding, Intervening, and Proximate Cause)

30. Plaintiff's and the putative class members' alleged damages, if any, were the result of, and were caused solely and proximately by, the act, fault, conduct, or negligence of persons or entities other than Martian Sales; such negligence, fault, act, or conduct was of a character as not reasonably to be expected to happen in the natural sequence of events; and such negligence, fault, act or conduct was the independent, intervening, and superseding cause, and therefore, the sole proximate cause of any such damages, thus relieving Martian Sales of any liability.

### THIRTY-FIRST DEFENSE

### (Remote Cause)

31. The injuries Plaintiff and the putative class members allege are too remote from the alleged conduct of Martian Sales to be a basis for liability as a matter of law and to satisfy principles of due process and proximate causation.

### THIRTY-SECOND DEFENSE

### (No Duty to Plaintiff)

32. Martian Sales owed no duty to the Plaintiff or the putative class members regarding the use, consumption or control of the subject substance.

### THIRTY-THIRD DEFENSE

### (Compliance with Law)

33. At all times, Martian Sales followed and conformed its conduct and actions to the law of the state of California in all respects.

### THIRTY-FOURTH DEFENSE

### (Compliance with Law)

34. Plaintiffs' and the putative class members' claims are barred, in whole or in part, by the deference that federal and state constitutional law and federal and state common law give

to discretionary actions by the FDA under the Federal Food, Drug & Cosmetic Act, 21 U.S.C. § 301 *et seq.*, and regulations promulgated thereunder.

### THIRTY-FIFTH DEFENSE

### (Voluntary Payment)

35. Plaintiff's and the putative class members claims are barred, in whole or in part, by the voluntary payment doctrine.

### THIRTY-SIXTH DEFENSE

### (First Amendment)

36. Plaintiff's and the putative class members' claims are barred to the extent they are related to Martian Sales' advertising, public statements, lobbying, or other activities protected by the First Amendment to the Constitution of the United States or by the Constitution of the State of California or that of any other state whose laws may apply.

### THIRTY-SEVENTH DEFENSE

### (Punitive Damages – Violation of Constitutional Rights)

37. Plaintiff's and the putative class members' claims for punitive or exemplary damages or other civil penalties are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Full Faith and Credit Clause of the United States Constitution, the constitutional prohibitions against bills of attainder or application of ex post facto quasi-criminal punishment in violation of the Ex Post Facto Clause of the United States Constitution, and any other applicable provisions of the Constitution of this State or that of any other state whose laws may apply. Any law, statute or other authority purporting to permit the recovery of punitive damages or civil penalties in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages or civil penalties and/or the amount, if any; (2) is void for vagueness in that it fails to provide adequate advance notice as to what conduct will result in punitive damages or civil penalties; (3) unconstitutionally may permit

recovery of punitive damages or civil penalties based on harms to third parties, out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiff; (4) unconstitutionally may permit recovery of punitive damages or civil penalties in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiff and to the amount of compensatory damages, if any; (5) unconstitutionally may permit jury consideration of net worth or other financial information relating to Martian Sales; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any award of punitive damages or civil penalties; (7) lacks constitutionally sufficient standards for appellate review of any award of punitive damages or civil penalties; (8) would unconstitutionally impose a penalty, criminal in nature, without according to Martian Sales the same procedural protections that are accorded to criminal defendants under the constitutions of the United States, this State, and any other state whose laws may apply; and (9) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mutual Life Insurance. Co. v. Haslip*, 499 U.S. 1 (1991); *TXO Production Corp. v. Alliance Res., Inc.*, 509 U.S. 443 (1993); *BMW of North America v. Gore*, 517 U.S. 559 (1996); *State Farm Insurance Co. v. Campbell*, 538 U.S. 408 (2003); *and Philip Morris USA v. Williams*, 549 U.S. 346 (2007).

**THIRTY -EIGHTH DEFENSE**

**(No Attorney Fees)**

38. As a matter of law, Plaintiff and the putative class members are not entitled to attorney's fees for these alleged claims.

**THIRTY -NINTH DEFENSE**

**(Reservation of Defenses)**

39. Martian Sales reserves the right to assert additional defenses as its investigation in this matter continues and hereby gives notice that it intends to rely upon any other defenses that may become available or apparent during the discovery proceedings in this matter or that are asserted by any other defendant which may be made a party to this action, and hereby reserves its right to amend its Answer and to assert any such defenses.

WHEREFORE, Martian Sales prays for judgment and relief as follows:

1. That Plaintiff and the putative class members take nothing by way of the Complaint on file herein;

2. That class certification be denied;

3. For judgment in favor of Martian Sales and against Plaintiff and the putative class members on each and every cause of action of the Complaint;

4. For Martian Sales' costs of suit as allowed by law; and,

5. For such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Martian Sales hereby demands a trial by jury of all issues so triable.

Dated: April 7, 2023

Respectfully Submitted,

Squire Patton Boggs (US) LLP

By: _____
Adam R. Fox
Hannah J. Makinde
Erin M. Gilmore

Attorneys for Defendant
MARTIAN SALES, INC.

*C.B. v. Martian Sales, Inc.*
San Diego Superior Court, Case No. 37-2023-00007558-CU-FR-CTL

## **PROOF OF SERVICE**
(Pursuant to California State Law)

The undersigned certifies and declares as follows:

I am a resident of the State of California and over 18 years of age and am not a party to this action. My business address is 555 South Flower Street, Suite 3100, Los Angeles, CA 90071, which is located in the county where any non-personal service described below took place.

On April 7, 2023, a copy of the following document(s):

**DEFENDANT MARTIAN SALES, INC.'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**

was served on:

| | |
|---|---|
| **BURSOR & FISHER, P.A**.<br>Neal J. Deckant<br>Luke W. Sironski<br>1990 North California Boulevard<br>Suite 940<br>Walnut Creek, CA  94596<br>Tel: (925) 300-4455<br>Fax: (925) 407-2700<br>Email:  ndeckant@bursor.com<br>             lsironski@bursor.com | *Attorneys for Plaintiff*<br>**C.B.** |

Service was accomplished as follows.

☒ **By U.S. Mail, According to Normal Business Practices.** On the above date, at my place of business at the above address, I sealed the above document(s) in an envelope addressed to the above, and I placed that sealed envelope for collection and mailing following ordinary business practices, for deposit with the U.S. Postal Service. I am readily familiar with the business practice at my place of business for the collection and processing of correspondence for mailing with the U.S. Postal Service. Correspondence so collected and processed is deposited the U.S. Postal Service the same day in the ordinary course of business, postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on April 7, 2023, at Los Angeles, California.

*(signature)*

Martha Kalenderian
127008.00004