UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.B., on behalf of himself and all others similarly situated,<br><br>                                           Plaintiffs,<br><br>v.<br><br>MARTIAN SALES, INC.,<br><br>                                           Defendant. | Case No.:  3:23-cv-00645-LL-AHG<br><br>**ORDER:**<br><br>**(1) GRANTING JOINT MOTION TO MODIFY SCHEDULING ORDER,** and<br><br>**(2) ISSUING FIRST AMENDED SCHEDULING ORDER**<br><br>**[ECF No. 8]** |

Before the Court is the parties' joint motion to amend the scheduling order. ECF No. 8. The parties seek an order from the Court extending all case management deadlines by approximately 60 days. *Id.*

Parties seeking to continue deadlines in the scheduling order must demonstrate good cause. FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"); ECF No. 7 at 3 (Amended Scheduling Order, stating that "[t]he dates set forth herein will not be modified except for good cause shown"); *see also* Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request").

"Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.") (internal citation omitted). Therefore, "a party demonstrates good cause by acting diligently to meet the original deadlines set forth by the court." *Merck v. Swift Transp. Co.*, No. CV-16-01103-PHX-ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept. 19, 2018).

Here, the parties have represented to the Court that they have been working diligently to abide by the Court's Scheduling Order (ECF No. 7). ECF No. 8. The parties represent that they have already exchanged written discovery, including interrogatories and requests for production. ECF No. 8-1 at 2. The parties also "began exploring the potential for a resolution of the case, and began having fulsome, good-faith discussions in order to reach a potential resolution of the matter." *Id*. Thus, the parties seek an order from the Court extending the fact discovery deadline and class certification motion deadline by 60 days so that they can accommodate ongoing settlement negotiations without having to simultaneously litigate the case. *Id*.

The Court appreciates the parties' thorough motion, and that the parties have been working together and have diligently pursued discovery. Thus, the Court finds good cause to **GRANT** the motion. ECF No. 8. The Court issues the following First Amended Scheduling Order:

1. A Status Conference is **SET** for **October 19, 2023** at **1:30 p.m.** *via videoconference* before **Magistrate Judge Allison H. Goddard**. During the conference, the parties will be expected to update the Court on the status of settlement and, if no settlement has been reached, ensure that discovery is progressing. No later than **October 16, 2023**, each party must submit to the Court via email (not filed) (at

efile_goddard@casd.uscourts.gov) the names, titles, and email addresses of all attendees. Court staff will then send out the Zoom invitation to all attendees. All participants shall display the same level of professionalism during the Status Conference and be prepared to devote their full attention to the Status Conference as if they were attending in person, i.e., cannot be driving or in a car while speaking to the Court. Because Zoom may quickly deplete the battery of a participant's device, each participant should ensure that their device is plugged in or that a charging cable is readily available during the video conference. Counsel are advised that although the Status Conference will take place on Zoom, all participants shall appear and conduct themselves as if it is proceeding in a courtroom, i.e., all participants must dress in appropriate courtroom attire.

2. Fact and class discovery are not bifurcated, but class discovery must be completed by **January 8, 2024**. "Completed" means that all discovery requests governed by Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be propounded sufficiently in advance of the discovery cut-off date **so that they may be completed** by that date, taking into account the time permitted in the Rules for service, notice, and responses. If any discovery disputes arise, **counsel must meet and confer promptly and in good faith in compliance with Local Rule 26.1(a). A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the Court.** The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet-and-confer process. If the parties reach an impasse on any discovery issue, the movant must email chambers at efile_goddard@casd.uscourts.gov no later than 45 days after the date of service of the written discovery response that is in dispute, seeking a telephonic conference with the Court to discuss the discovery dispute. The email must include: (1) at least three proposed times mutually agreed upon by the parties for the telephonic conference; (2) a *neutral* statement of the dispute; and (3) one sentence describing (not arguing) each parties' position. The movant must copy opposing counsel on the email. No discovery motion may

be filed until the Court has conducted its pre-motion telephonic conference, unless the movant has obtained leave of Court. **All parties are ordered to read and to fully comply with the Chambers Rules of Magistrate Judge Allison H. Goddard**.

3.  Plaintiff must file a motion for class certification by **February 16, 2024**.[1]

4.  The parties anticipate that Defendant will need more time to file an opposition based on the expert declarations they anticipate will be included in Plaintiff's motion for class certification. The parties must meet and confer, and will promptly contact the Court with a proposed briefing schedule that accounts for the additional expert discovery needed for the opposition.

5.  Within **three (3) days** of a ruling on the motion for class certification, the parties must jointly contact the Court via email (at efile_goddard@casd.uscourts.gov) to arrange a further case management conference.

6.  The dates set forth herein will not be modified except for good cause shown.

**IT IS SO ORDERED.**

Dated: August 3, 2023

_____
Honorable Allison H. Goddard
United States Magistrate Judge

---

[1] Should Plaintiff not file a class certification motion, he must notify the Court via email (at efile_goddard@casd.uscourts.gov) by **February 21, 2024**.